IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHARLOTTE LUKAWSKI**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:09-CV-965-L** |
| § | |
| **FLIGHTSAFETY TEXAS, INC.**, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed July 23, 2009. After careful review of the motion and brief, response, record, and applicable authority, the court **grants** Plaintiff's Motion to Remand and **remands** this action to County Court at Law No. 4, Dallas County, Texas.

**I.     Background**

Charlotte Lukawski ("Plaintiff" or "Lukawski") filed this action against FlightSafety Texas, Inc. ("Defendant" or "FlightSafety") on April 28, 2008, in County Court at Law No. 4, Dallas County, Texas. Defendant terminated Plaintiff's employment on January 15, 2007, and she contends that FlightSafety discriminated against her because of her gender and retaliated against her for opposing unlawful discrimination, in violation of sections 21.051 and 21.055 of the Texas Labor Code. Lukawski seeks compensatory and punitive damages for the alleged discrimination and retaliation.

On May 26, 2009, FlightSafety removed this action to federal court. It contends that removal is proper because Plaintiff recently asserted a claim against it that involves a federal question. The basis for FlightSafety's contention is that when Plaintiff was asked in a deposition whether her discharge was "tied in any way to the fact that [she] took FMLA [Family and Medical Leave Act]

leave," she responded, "I feel that that was part of it." Pl.'s App. 8. Also, in response to another question, Lukawski testified that she thought "the company [FlightSafety] as a whole" held some negative feelings about her use of FMLA leave. *Id.*; Def.'s App. 2. The FMLA, 29 U.S.C. §§ 2601 *et seq.*, prohibits, among other things, an employer from discriminating or retaliating against an employee for taking leave allowed under the statute.

Plaintiff does not believe that this case is removable and filed a motion to remand on July 23, 2009. She contends that her answers to the deposition questions propounded by Defendant's counsel do not raise a federal question and thereby confer subject matter jurisdiction on this court. The court agrees.

## II.     Jurisdictional Standard

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Whether federal question jurisdiction exists over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the complaint must "raise[ ] issues of federal law sufficient to

support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold. As Defendant removed this case on the basis that a federal question exists, the court confines its analysis to this issue.

### III.     Analysis

It is well-established that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citations omitted). To justify removal of this case, Defendant relies on the following provision of the removal statute:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). FlightSafety contends that the deposition testimony of Lukawski constitutes the "other paper" from which it could first ascertain that the action was removable to federal court.

Defendant misapplies the "other paper" language of the statute. Primarily, courts rely on the "other paper" language to determine removability to "clarify[ ] that diversity jurisdiction has been established" with respect to the amount-in-controversy requirement. *Eggert v. Britton*, 223 Fed. Appx. 394, 397 (5th Cir. 2007). Plaintiff's case, however, is not one based on diversity. In limited circumstances, courts have relied on the "other paper" language to determine whether subject matter jurisdiction exists because of a federal question. *Id.* With respect to the use of deposition testimony, the circumstances are limited to testimony that is used "to clarify the nature of the existing claim." *Id.*

Lukawski pleaded, in plain and straightforward language, a claim only under the Texas Labor Code. There is not even an oblique reference to any claim under the United States Constitution or a federal statute. Whether Plaintiff thought that her use of FMLA leave was part of the reason for her discharge is of no moment. She did not plead an FMLA claim, seeks no relief under the Act, and has stated unequivocally that she does not intend to pursue such a claim. Pl.'s Mot. to Remand 2. Defendant, by attempting to inject a nonexistent FMLA claim, seeks to add a new claim, expand the scope of this lawsuit, and expose itself to additional liability to get into federal court. Regardless of Defendant's intent or motive, deposition testimony cannot create a federal question when the pleaded claim is not federal in nature. The deposition testimony of Plaintiff does not constitute a voluntary amendment of her pleadings. She merely responded to the questions propounded. Accordingly, Lukawski's deposition testimony may not be used by Defendant as the "other paper" from which it could first ascertain that this case was one that had become removable.

### IV.    Conclusion

For the reasons herein stated, this action is not one that arises under federal law and therefore does not involve a federal question. Accordingly, the court lacks subject matter over this action and,

**Memorandum Opinion and Order - Page 4**

pursuant to 28 U.S.C. § 1446(c), **remands** it to County Court at Law No. 4, Dallas County, Texas.

The clerk of the court shall effect the remand in accordance with usual procedure.

    **It is so ordered** this 17th day of August, 2009.

                                              Sam A. Lindsay
                                              United States District Judge